IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

IDALIA GONZALEZ-HUGUES,

    Plaintiff,

    v.

COMMONWEALTH OF PUERTO RICO, ET AL.,

    Defendants.

**Civil No. 12-1747 (SEC)**

**OPINION AND ORDER**

Before the Court are the defendants' motion to dismiss for lack of subject-matter jurisdiction (Docket # 17), and the plaintiff's opposition thereto (Docket # 18). After reviewing the filings and the applicable law, the defendants' motion is **GRANTED**.

**Factual and Procedural Background**

Pro se plaintiff Idalia Gonzalez-Hugues filed this putative federal-question suit on September 11, 2012, alleging that co-defendant Puerto Rico Department of Education (the "Department") discriminated against her, "violating her Civil Rights and the US Equal Opportunity Federal Law." Docket # 2, p. 1.[1] She also alleges that the Department violated Title I of the No Child Left Behind Act of 2001 ("NCLB"), 20 U.S.C. § 6301. A succinct introduction to the facts of this case suffices to set the stage for the analysis.

The plaintiff, a high school teacher, says that the Department illegally authorized her school director "to damage and change plaintiff's contract three times, and didn't correct it". Docket # 2, p. 1. She also avers that the director removed eight high school students from her classroom and transferred them to the classroom of another teacher. Such actions, the plaintiff

---

[1] Although her motion to appoint counsel was granted (Docket # 4), upon this court's inquiry regarding whether her allegations were actionable under the federal laws invoked in her complaint, her court-appointed counsel moved to withdraw, citing a "substantial disagreement" concerning the appropriate course of action to follow in this case. On November 9, 2012, the Court allowed her counsel's withdrawal and ordered the plaintiff to continue pro se.

**Civil No. 12-1747 (SEC)**                                                                                             Page 2

maintains, violate NLCB. Id. Relatedly, the plaintiff alleges that the director and the "Coordinator of Title I-Phonogram from Educative Region of Caguas" changed the conditions of her contract, thereby violating the procedures mandated by Title I of NLCB. According to the complaint, the plaintiff was not paid $4,200 for professional services rendered with the Department in the summer of 2010. She requests one million dollars in economic and emotional damage, as she suffered "serious discrimination and labor persecution." Docket # 2, p. 4.

On December 14, 2012, the defendants moved to dismiss under 12(b)(1), arguing that neither Title I nor NLCB "confer a private cause of action, and plaintiff's allegations are but a breach of contract and state tort claim." Docket # 17, p. 102. The defendants also argue that the plaintiff's damages claim is time barred and contravenes the Eleventh Amendment. Id. The plaintiff resists dismissal, arguing that because the funds used to pay her contract derive from the Office of Federal Affairs, the Court has jurisdiction to entertain the controversy. Docket # 18.

**Standard of Review**

Fed. R. Civ. P. 12(b)(1) is the appropriate vessel for challenging a court's subject-matter jurisdiction. Valentín v. Hospital Bella Vista, 254 F.3d 358, 362-63 (1st Cir. 2001). In reviewing a motion to dismiss under this rule, the court construes the plaintiffs' allegations liberally and "may consider whatever evidence has been submitted, such as . . . depositions and exhibits." Carroll v. United States, 661 F.3d 87, 94 (1st Cir. 2011) (internal quotation marks and citations omitted). Accordingly, this court is empowered to "[w]eigh the evidence and make factual determinations, if necessary, to determine whether it has jurisdiction to hear the case." Massachusetts Delivery Ass'n v. Coakley, 671 F.3d 33, 40 n. 8 (1st Cir. 2012) (citing Torres-Negrón v. J & N Records, LLC, 504 F.3d 151, 163 (1st Cir. 2007)). When faced with a jurisdictional challenge, importantly, courts must credit the plaintiffs' well-pleaded factual averments and indulge every reasonable inference in the pleader's favor. Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010) (citing Valentin, 254 F.3d at 363). A plaintiff faced with subject-matter jurisdiction challenge has the burden to demonstrate its existence. Johansen v.

**Civil No. 12-1747 (SEC)** Page 3

United States, 506 F.3d 65, 68 (1st Cir. 2007) (citations omitted). But in order for a plaintiff's claim to be dismissed for lack of subject-matter jurisdiction, due to the inadequacy of the plaintiff's federal claim, that claim must be "so insubstantial, implausible, foreclosed by prior decisions of . . . [the Supreme Court], or otherwise completely devoid of merit as not to involve a federal controversy . . . ." Oneida Indian Nation of N.Y. v. County of Oneida, 414 U.S. 661, 666 (1974).

**Applicable Law and Analysis**

Federal question arises when a plaintiff sets forth allegations founded on a claim or right arising under the Constitution, treaties or laws of the United States. See 28 U.S .C. § 1331. Because federal courts are "courts of limited jurisdiction," Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994), for a claim to arise under federal law, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 112 (1936). As relevant here, private rights of action to enforce federal law must be created by Congress. Touche Ross & Co. v. Redington, 442 U.S. 560, 578 (1979); see also Mims v. Arrow Financial Services, LLC, 132 S.Ct. 740, 748 (2012) ("A suit arises under the law that creates the cause of action." (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916))). It thus follows that, "[w]ithout [statutory intent], a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Alexander v. Sandoval, 532 U.S. 275, 286-87 (2001).

The NCLB, which focuses strengthening elementary and secondary schools, "is a comprehensive education reform statute." Ass'n of Cmty. Organizations for Reform Now v. New York City Dept. of Educ., 269 F. Supp. 2d 338, 340 (S.D.N.Y. 2003) (citing 20 U.S.C. §§ 6301(1)-(12)). Here, the plaintiff posits that the fact that federal funds are at play here automatically confer this court with jurisdiction under NLCB. This argument is without merit. As a threshold matter, she has cited no authority standing for such a proposition. And it turns

**Civil No. 12-1747 (SEC)**                                                                                     Page 4

out that quite the opposite is true: Every court that has considered whether NCLB provides a private cause of action has decided it does not. E.g., Horne v. Flores, 557 U.S. 433, 456 n. 6 (2009) (noting that "NCLB does not provide a private right of action" and is "enforceable only by the agency charged with administering it") (citations omitted); Blakely v. Wells, 380 F. App'x 6, 8 (2d Cir. May. 28, 2010) (unpublished). The plaintiff, then, cannot shoulder her burden of providing the existence of subject-matter jurisdiction, as her claim is indeed " insubstantial, implausible . . . [and] completely devoid of merit as not to involve a federal controversy . . . ." Oneida Indian Nation of N.Y., 414 U.S. at 666.

Finally, the plaintiff's cursory and undeveloped mentions to "serious discrimination and labor persecution," and to "Civil Rights and the US Equal Opportunity Federal Law" are plainly insufficient to survive dismissal. She makes absolutely no allegations explaining how she was discriminated against, and whether such discrimination falls under a protected category. In any event, because these allegations were not even pled as a claim, they must be dismissed. Marrero-Rodriguez v. Municipality of San Juan, 677 F.3d 497, 501 (1st Cir. 2012). The plaintiff's pro se status does not insulate her from complying with basic pleading requirements. Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997) ("Pro se status does not insulate a party from complying with procedural and substantive law."). Accordingly, such generalities fall way short of stating a plausible entitlement to relief. See Liu v. Amerco, 677 F.3d 489, 497 (1st Cir. 2012).

To be sure, the Court sympathizes with the plaintiff's toll. "But sympathy . . . is not a sound basis for administering a system of justice," Sheet Metal Workers' International Asso. v. Carter, 450 U.S. 949, 953 (1983) (Rehnquist, J., dissenting), and there being no jurisdictional basis, the Court is simply without authority to entertain her claims. This court takes very seriously its responsibility to preserve its legitimacy by respecting the limits of its jurisdiction. Having established a lack of jurisdiction, the Court need not entertain the defendant's other arguments.

**Civil No. 12-1747 (SEC)**                                                                 Page 5

**Conclusion**

For the reasons stated, the defendants' motion to dismiss is **GRANTED**. Consequently, this case is **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 14th day of January, 2013.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge